# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:06-30 |
| ) | |
| EBRAHIM MANSOURI, ) | JUDGE GIBSON |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court is the United States' Motion for Revocation of Order of Release (Document No. 23), filed pursuant to 18 U.S.C. § 3145(a), and Defendant Ebrahim Mansouri's Response thereto (Document No. 25). The case arises from a traffic stop in Somerset County, Pennsylvania, on September 26, 2006. Defendant, a Canadian citizen operating a semi-tractor trailer with Canadian plates, was pulled over for not properly displaying a Department of Transportation registration, as required by the Pennsylvania Motor Vehicle Code. A subsequent search of the vehicle revealed a brown bag containing $267,400 in United States currency. A K-9 dog also indicated a narcotic odor on the cash and in the truck's compartment area. An ion scan later conducted on the inside of the vehicle and on the money confirmed the K-9 unit's alert. In an interview, Defendant stated that he frequently travels to the United States, that he is aware of reporting requirements, and that he chose not to declare the money for fear it would be confiscated to satisfy his outstanding debts.

A criminal complaint filed on September 27, 2006 charged Mansouri with violating 31 U.S.C § 5332.[1] Document No. 1. During Defendant's initial appearance that same day, the Government moved Magistrate Judge Keith A. Pesto for temporary detention. At the October 3 hearing on that

---

[1] According to that statute: "Whoever, with the intent to evade a currency reporting requirement under [31 U.S.C. § 5316], knowingly conceals more than $ 10,000 in currency... and transports [it]... from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment...."

motion, Magistrate Judge Pesto signed an Order of Detention Pending Trial. Document No. 8. Defendant's appointed counsel subsequently withdrew from the case, and retained counsel moved for Mansouri's release on bond. Document No. 12. Over the United States' opposition (Document No. 17), Magistrate Judge Pesto granted that motion on October 31, 2006, subject to the conditions that Defendant appear at all future hearings, forfeit any interest in the seized property, and reside in the Western District of Pennsylvania and report as directed to Pretrial Services (Document No. 22). Judge Pesto's order was stayed pending the appeal *sub judice*.

The Court reviews a Magistrate Judge's pretrial detention order *de novo*. *United States v. Chagra*, 850 F. Supp. 354, 356 (W.D. Pa. 1994) (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985)). According to 18 U.S.C. § 3142(e), if "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," then the defendant must be detained pending trial. It is the Government's burden to demonstrate any risk to the safety of a person or the community by clear and convincing evidence. 18 U.S.C. § 3142(f). However, the Government need only establish a risk of flight according to the lower preponderance-of-the-evidence standard. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The governing statute requires that the Court consider such factors as the nature and circumstances of the offense charged; the weight of the evidence against Defendant; and Defendant's history and characteristics, including family ties, employment, and length of residence in the community. Additionally, because the execution of a forfeiture agreement is a condition of Mansouri's release, the Court must "conduct an inquiry into the source of the property to be designated for potential forfeiture . . . and shall decline to accept the designation . . . of property that, because of its source, will not reasonably assure the appearance of the person as required." 18 U.S.C. § 1342(g).

2

Several factors persuade the Court that a preponderance of the evidence establishes the risk of Defendant's flight. Defendant is a foreign citizen with negligible ties to the United States and no connection to this district. Though Mansouri proffered a potential custodian at his October 31 detention hearing, that person has only a slim relationship with Defendant and, prior to the events in question, had not been in touch with Defendant for many years. Transcript of October 31 Detention Hearing (Document No. 26), p. 13. The potential custodian also resides in Maryland and Defendant cannot point to any connection with Pennsylvania. *Id.* at 6. Moreover, Defendant has apparently not been steadily employed since immigrating to Canada and has frequently changed his Canadian address.

Though the crime with which Defendant is charged is not one of violence, and though the Government does not contend that Defendant poses any particular risk to the community, Mansouri's interactions with law enforcement officials to this point inspire little confidence that he will cooperate in the future. He evasively answered inquiries from the arresting officer, contradicted his own driver's log, and offered conflicting reasons for not declaring the $267,400. Document No. 1, pp. 4-6. Furthermore, the admissions Defendant eventually made to Immigrations and Customs Enforcement Agents may comprise weighty evidence against him at trial. *Id.* p. 6.

Perhaps most importantly, the Court finds it unlikely that Defendant has any expectation of recovering the currency that grounds this prosecution. That money is now the subject of a criminal forfeiture action that the United States submits will likely result in forfeiture. Document No. 23, p. 8. Mansouri also neither owned or leased the truck he was driving. Document No. 26, pp. 26-27. Thus, Defendant has no concrete proprietary interest compelling his continued appearance before the Court. The property on which a central condition of Defendant's release is premised does nothing to assure Defendant's future appearances.

In summation, the strong weight of the evidence—including his own admissions—against Defendant, Mansouri's itinerant history, and the likelihood that the currency will be criminally forfeited establish a preponderance of the evidence that a risk of flight compels Defendant's pretrial detention. Mansouri argues that "Defendant's lack of a criminal history, the nonviolent nature of the charged offense in this case, the lack of competent evidence of ties to narcotics, Defendant's willingness to waive extradition, and the absence of any evidence that Defendant will flee" requires that the Court affirm the Magistrate's release order. Document No. 25, p. 4. However, the inquiry here is not the threat Defendant may pose to the community if released, but whether any conditions can reasonably assure his future presence. The nonviolent nature of the charged offense and Defendant's lack of a criminal history therefore do little to rebut the United States' showing. Furthermore, the evidence regarding narcotics is irrelevant; Defendant is charged with smuggling cash and has admitted each element of the offense. The Government has also expressed doubts that the waiver of extradition will stand up in a Canadian court. Document No. 26, p. 23. Lastly, whether or not there is evidence that Defendant will flee does not concern the Court. Because there is a preponderance of evidence showing a risk of flight and establishing that no circumstances or conditions can reasonably assure Mansouri's continuing presence in this case, the Government has satisfied its burden. *Himler*, 797 F.2d at 160-61. The United States need not provide evidence that Defendant will flee. Accordingly, for the reasons stated in this Memorandum Opinion, the Magistrate Judge's Order of Release pending trial must be revoked.

An appropriate Order follows.

4

**AND NOW**, this 13th day of November, 2006, upon consideration of the Government's Motion for Revocation of Order of Release (Document No. 23), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Accordingly, Defendant Ebrahim Mansouri will remain in custody pending trial.

**BY THE COURT**:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**