IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 3:06-30 |
| v. ) | |
| ) | |
| EBRAHIM MANSOURI, ) | JUDGE KIM R. GIBSON |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

**Gibson, J.,**

Now before the Court is Defendant's Motion for Reconsideration (Document No. 72) of the Court's August 2, 2007, Memorandum Opinion denying various pretrial motions (Document No. 71). The Court need not recount the factual history contained in its prior ruling. For immediate purposes, it suffices to note that Defendant's motion to suppress evidence was denied because the Court concluded that the Pennsylvania State Police acted diligently in confirming the reasonable suspicion that led them to hold Defendant under investigative detention on September 26, 2006. The Court has found that during a lawful search of Defendant's tractor-trailer, Pennsylvania State Police Trooper Michael Volk discovered $264,000 in heat-sealed stacks of United States currency concealed beneath rumpled clothing in a brown-paper bag. Document No. 71, p. 7-8. The Court held that the reasonable suspicion arising from the totality of the circumstances that Trooper Volk perceived justified the subsequent investigative detention, during which Defendant was handcuffed, placed in the rear of a police cruiser, and transported to police barracks for further questioning. *Id.* at 8-9. Defendant now requests the reconsideration of that decision, arguing that "handcuffing, transport to the police station, placement in a holding cell, receipt of Miranda warnings and interrogation by numerous police officers" constitutes an actual arrest and requires probable cause, regardless of the diligence with which the

1

authorities act. Document No. 72, p. 1.

The Court recognizes the distinction on which Defendant premises the motion *sub judice*. As the Supreme Court has noted,

> at some point in the investigative process, police procedures can qualitatively and quantitatively be so intrusive with respect to a suspect's freedom of movement and privacy interests as to trigger the full protection of the Fourth and Fourteenth Amendments. And our view continues to be that the line is crossed when the police, without probable cause or a warrant, forcibly remove a person from his home or other place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes.

*Hayes v. Florida*, 470 U.S. 811, 815-16, 105 S. Ct. 1643; 84 L. Ed. 2d 705 (1985). Furthermore, "detention for custodial interrogation—regardless of its label—intrudes so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest." *Dunaway v. New York*, 442 U.S. 200, 216, 99 S. Ct. 2248; 60 L. Ed. 2d 824 (1979).

In light of this language, other courts have found that only probable cause can support the constitutionality of conduct such as the Pennsylvania State Police exhibited in Defendant's case. For instance, in *United States v. $46,000 in United States Currency*, No. 02-6805, 2003 U.S. Dist. LEXIS 11971, at **17-18 (E.D. Pa. June 30, 2003), the court found that the removal of a handcuffed suspect to an airport police station and the subsequent hour-long detention was an arrest that required probable cause. Similarly, in a case exhibiting less force than Trooper Volk used here, the Tenth Circuit Court of Appeals refused to sanction coercing a suspect from the side of a highway to a police station on the basis of reasonable suspicion. *United States v. Gonzalez*, 763 F.2d 1127, 1132 (10th Cir. 1985). *See also United States v. McCarthy*, 77 F.3d 522, 530-32 (1st Cir. 1996) (analyzing a seventy-five minute *Terry* stop under reasonable suspicion where defendant was not taken from the side of the road). Because the previous Memorandum Opinion proceeded under the auspices of the *Terry* doctrine, there

was no determination whether probable cause existed.[1] Document No. 71, pp. 8-9. Based on the foregoing precedent, however, the Court agrees with Defendant that it must reassess whether probable cause supported his forced removal from the highway to the police barracks for questioning.

According to the Government, "Trooper Volk was empowered to arrest [Defendant] after observing the DOT violation and after discovering the incomplete and contradictory log book in the cab of [Defendant's] truck during the lawful consent search." Document No. 80, pp. 2-3. The United States cites Defendant's violations of 75 PA. C.S.A. §§ 4107 and 6304 to support the assertion that Trooper Volk had the authority to make a lawful arrest. According to § 4107(b)(2), no person may "[o]perate . . . on any [Pennsylvania] highway . . . any vehicle or combination which is not equipped as required under this part or under [Pennsylvania Department of Transportation (hereinafter "PDOT")] regulations." Section 4107(b.1) also forbids the operation of any vehicle "in violation of driver out-of-service criteria or standards periodically adopted by the United States Department of Transportation [(hereinafter "USDOT")] and adopted by reference by the" PDOT. Lastly, The Government relies on § 6304, which authorizes any "member of the Pennsylvania State Police who is in uniform [to] arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest." Because Pennsylvania's vehicle code adopts federal regulations that require any vehicle engaged in interstate commerce to display an appropriate USDOT number, 67 PA. CODE § 229.9,[2] and because the state law also incorporates the federal obligation to

---

[1] The Court's conclusion that "[o]nce Defendant confessed to transporting currency into the United States without properly declaring those funds, the police had probable cause to make a full arrest" does not foreclose the possibility that probable cause arose prior to the confession. Document No. 71, p. 8.

[2] Section 229.9 incorporates by reference 49 C.F.R. § 390.21(b)(2), which requires every commercial motor vehicle to display a "motor carrier identification number issued by the [Federal Motor Carrier Safety Administration], preceded by the letters 'USDOT.'"

3

truthfully maintain a log book that records a driver's accurate hours, 67 PA. CODE § 229.343,[3] the United States posits that Trooper Volk had the lawful authority under § 6304 to arrest Defendant and transport him to the police barracks for questioning. Document No. 80, pp. 2-4.

In reply, Defendant argues that Trooper Volk's authority to arrest him ended when Trooper Volk issued a written warning for failing to display a DOT number and keep a log book and told Defendant that the latter was free to leave. Document No. 81, p. 1. Defendant also insists that the Government's arguments are inapposite because the facts clearly indicate he was not arrested for summary traffic violations; because § 6304 is unconstitutional to the extent that it fails to set forth any post-arrest procedure; and because Trooper Volk did not follow the procedure set forth in 75 PA. C.S.A. § 6305, which addresses the arrest of nonresidents for violating the Pennsylvania vehicle code and requires the arresting officer to "escort the defendant to the appropriate issuing authority for a hearing, posting of bond or payment of the applicable fine and costs." *Id.* at 2-5.

The Court finds that it need not resolve the discord that the Government's opposition to the instant motion has engendered. It is axiomatic that the presence of probable cause is an objective determination that occurs independently of an officer's actual thoughts or suspicions: "It is the function of the court to determine whether the objective facts available to the officers at the time of arrest were sufficient to justify a reasonable belief that an offense [had been] committed." *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested."

---

[3] Section 229.343 incorporates by reference 49 C.F.R. § 395.8, which sets forth the methods for maintaining a proper driving log.

4

*United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). Thus, if after examining the facts known to Trooper Volk at the time, the Court finds that a reasonable person would have concluded that Defendant had committed a crime, then any subsequent arrest was consistent with the Fourth Amendment.

In this case, Trooper Volk was aware that Defendant's vehicle was registered in Canada, that the business for which Defendant drove was Canadian, and that Defendant had recently entered this country from Toronto, Canada. Transcript of Suppression Hearing, Document No. 65, pp. 5, 9. Prior to being handcuffed, Defendant also stated to Trooper Volk that business associates had given him the money. *Id.* at 27. In combination with Trooper Volk's knowledge concerning Defendant's point of origin and the nationality of the trucking company, this explanation suggests that Defendant received the money in Canada and knowingly carried it into the United States. Furthermore, the manner in which Defendant was transporting the money—in heat-shrunk packaging and carefully hidden in the trailer's closet—indicates the likelihood that the money was intentionally concealed during the border crossing. *Cf. United States v. Jimenez*, 421 F. Supp. 2d 1008, 1013 (W.D. Tex. 2006) (finding probable cause to suspect attempted money smuggling where Defendants were traveling to Mexico with $217,000 similarly concealed in their car). Also relevant are the circumstances that led Trooper Volk to suspect Defendant may have been involved in illegal drug trafficking: The atypical condition of Defendant's vehicle combination; the fact that Defendant was running empty; the lack of proper paper work; the inconsistencies between Defendant's statements and the log book entries; and the heat-shrunk wrapping around the money. Document No. 65, pp. 29-31. While these circumstances created only a reasonable suspicion that Defendant was involved in a larger criminal enterprise, that suspicion helps create probable cause to suspect that Defendant would not have declared at the border any large sum of money in his possession.

5

Under the totality of these circumstances, a person of reasonable caution could conclude that Defendant had committed the offense set forth at 31 U.S.C. § 5332 by bringing into this country money in excess of $10,000 while purposefully evading applicable reporting requirements. Trooper Volk therefore had probable cause to place Defendant under arrest and the Court must therefore deny Defendant's Motion for Reconsideration.

An appropriate Order follows.

**AND NOW**, this 31st day of August, 2007, upon consideration of Defendant's Motion for Reconsideration (Document No. 72), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's August 14, 2007, Amended Pretrial Order (Document No. 79) is hereby amended as follows:

2(b)   Defendant's witness list and offers of proof shall be filed under seal **on or before September 5, 2007**.

All other provisions of the August 14, 2007, Order remain in effect.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record